IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Alejandro Brownell and Javier Bassino | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Alcon Entertainment, Warner Bros Entertainment, Twentieth Century Fox Film Corporation, Phoenix Pictures, Half Circle, Michael Medavoy, Patricia Riggen, New Line Productions, Inc. d/b/a WaterTower Music | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiffs, Alejandro Brownell and Javier Bassino, by their attorneys, Davis McGrath LLC, for their complaint against the above-named defendants, state as follows:

**The Nature of the Action**

1. This is an action for copyright infringement brought by plaintiffs, Alejandro Brownell and Javier Bassino, against the producers, distributors, and director of the movie titled *The 33*, a popular film about the rescue in 2010 of 33 miners trapped 2,300 feet underground inside the San Jose mine in Chile. The movie starred Antonio Banderas, Juliette Binoche, and James Brolin, and was directed by Patricia Riggen. The movie was released in 2015.

2. Alejandro Brownell and Javier Bassino are composers from Chile. They composed and produced the musical score of the Chilean comic film *Stefan v Kramer* (20th

Century Fox), which set box office records in Chile in 2012. One of the works they composed as part of that musical score was titled *El Gran Final*.

3. As successful Chilean composers, Brownell and Bassino hoped to be able to participate in the creation of the musical score for *The 33*. In June, 2013, Brownell contacted the director, Patricia, Riggen, to offer music composition and production services for the movie.

4. Ms. Riggen responded promptly, indicating that she would take Brownell's offer into account. In her response, Ms. Riggen invited Brownell to send her examples of his work.

5. In response to her invitation, Brownell sent to Ms. Riggens a recording of *El Gran Final*. Brownell also sent the recording to Lynn Faintchein, the Music Supervisor for the film production, at her request.

6. In March, 2014, Ms. Riggen advised Brownell that his proposal had been presented to Michael Medavoy, the lead producer of the film, but that it was not accepted. Instead, James Horner was selected to compose the musical score for "*The 33*." Brownell had no further communication with Ms. Riggen, and never gave her, or any of the defendants, permission to use *El Gran Final* in the movie. Horner died in a plane crash on June 22, 2015.

7. Without consent of the plaintiffs, the defendants copied music from *El Gran Final* almost identically in *The 33*. Not only was the music closely copied, but it was used at several key, climactic moments of the film. Such use was entirely without any license or permission from plaintiffs.

8. By substantially copying *El Gran Final*, defendants have infringed Plaintiffs copyright in the work. By incorporating plaintiffs' copyright protected music into the film

without a synchronization license or any permission whatsoever from plaintiffs, and performing and distributing the film throughout the United States, Chile, and other markets around the world, defendants have violated plaintiffs' copyright.

## Jurisdiction and Venue

9. Jurisdiction of this Court is invoked under 28 U.S.C. §1338(a), as it is an action arising under an Act of Congress relating to copyrights, namely, the Copyright Act of 1976, 17 U.S.C. §101 et seq.

10. Venue is proper in this district pursuant to 28 U.S.C. §§1400(a) and 1391(b) and (c), as defendants reside or can be found in this district

## Parties

11. Plaintiff Alejandro Brownell and Javier Bassino are citizens of Chile currently residing in Santiago, Chile.

12. Defendant Alcon is Entertainment, LLC, is a Delaware limited liability company with its principle place of business in Los Angeles, California. Alcon acquired and holds the North American and the majority of the international distribution rights for *The 33*. Alcon is a co-producer of *The 33*.

13. Defendant Phoenix Pictures Inc. is a Delaware corporation with its principle place of business in Los Angeles, California. Phoenix Pictures Inc. is a co-producer of *The 33*.

14. Defendant Michael Medavoy is co-founder, Chairman and Chief Executive Officer of Phoenix Pictures Inc. He is one of the producers of *The 33*.

15. Defendant Warner Bros. Entertainment Inc. is a Delaware corporation with its principle place of business in Burbank, California. Warner Bros. has acquired certain of the North American distribution rights for *The 33*.

16. Defendant New Line Productions, Inc. d/b/a WaterTower Music is a California corporation with its principle place of business in Burbank, California. New Line Productions, Inc. owns the federal registrations for WaterTower Music trademarks. WaterTower Music, as Warner Bros.' in-house music label, has the distribution rights to *The 33* soundtrack.

17. Defendant Half Circle LLC is a California limited liability company with its principle place of business in Los Angeles, California. Half Circle LLC is a co-producer of *The 33*.

18. Defendant Twentieth Century Fox Film Corporation is a Delaware corporation with its principle place of business in Los Angeles, California. Twentieth Century Fox Film Corporation is one of the distributors of the film.

19. Defendant Patricia Riggen is an individual residing in Los Angeles, California. She is the Director of *The 33*. Defendant Patricia Riggen presented *The 33* at the 51st Chicago International Film Festival in October 2015.

**Plaintiffs' Creation of the Song "El Gran Final" and Delivery to Defendants**

20. On June 27, 2013, Brownell contacted Patricia Riggen by e-mail to offer music composition and production services for *The 33*. At that time, Brownell and Ms. Riggen started an e-mail correspondence.

21. The next day, June 28, 2013, Ms. Riggen responded to Brownell, indicating that

4

she would take his offer into account and noting that the music would not be added until post-production.

22. In her response, Ms. Riggen invited Brownell to send some examples of his work. Brownell responded the same day that he would soon send Ms. Riggen some of his work.

23. On July 15, 2013, Brownell sent Ms. Riggen an e-mail informing her that within a few weeks he would be sending her a recording of one of his prior works that was part of a movie score. Ms. Riggen responded "I'll be waiting."

24 In the next few weeks, Brownell created a new recording of *El Gran Final*, a composition he and Mr. Bassino had composed for *Stefan v. Kramer*. The new recording contained additional music and arrangement. On August 9, 2013, he sent it to Ms. Riggen, both by e-mail and WeTransfer, an Internet-based digital file delivery service.

25. Brownell also had correspondence with Lynn Fainchtein, the Music Supervisor of *The 33*. In December, 2013, Brownell also sent a copy of *El Gran Final* to Ms. Fainchtein at her request.

26. On March 10, 2014, Ms. Riggen informed Brownell that his proposal had been presented to Michael Medavoy, the producer of *The 33*, but it was not accepted because they wanted to use a composer Mr. Medavoy had previously worked with. Ultimately, Medavoy chose James Horner to compose the score for the movie.

27. Having received this rejection, Mr. Brownell assumed his music would not appear in the film.

### Defendants' Unauthorized Use of El Gran Final in *The 33*

28. After Ms. Riggen notified Brownell that they would be using a different composer, Brownell had no further correspondence with Ms. Riggen or any other defendants.

29. At no point did plaintiffs give Ms. Riggen, Ms. Faintchen, or any other defendant permission to use *El Gran Final* in the film.

30. Over a year later, in 2015, upon viewing *The 33* after its release in Chile, Brownell and Bassino discovered that music from "El Gran Final" was copied almost identically in *The 33*. Not only was it closely copied, but it is used at several key, climactic moments in the film. Its significance in the film is highlighted by the fact that it is used over the closing credits.

### Count I -- Copyright Infringement

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiffs are the owners and proprietors of all right, title and interest in and to the musical work titled *El Gran Final*.

33. *El Gran Final* is an original work of authorship and is fixed in a tangible medium of expression.

34. On February 28, 2017, plaintiffs submitted an application for registration of *El Gran Final* to the U.S. Copyright Office, consisting of a completed electronic application form, a deposit of plaintiffs' work, and payment of the filing fee. The Copyright Office has acknowledged receipt of the application, fee, and deposit of the work.

35. Plaintiff has never granted any of the defendants authorization to copy, record, publish, perform, or make derivative works of plaintiffs' musical composition, *El Gran Final*.

36. Defendants have copied substantial portions of plaintiffs' work and incorporated them into *The 33* and by doing so have infringed plaintiffs' copyright. Beginning in 2015, defendants have reproduced, published and publicly performed the infringing version of *El Gran Final* and have continued to do so to the present time.

37. The initial theatrical release of *The 33* in the U.S. was on or about November 9, 2015. The U.S. and foreign box office receipts for *The 33* are approximately $28 million.

38. Warner Bros. Entertainment, Inc., through its in-house music label, WaterTower Music, released the sound track for the movie, including a song title "Hope is Love" which is a portion of the music in *The 33* that infringes plaintiffs' work. The initial soundtrack release date in the U.S. was on or about November 6, 2015. The soundtrack is available on iTunes, Amazon, and Spotify.

39. The initial DVD and Blu-ray release date of *The 33* in the U.S. was on or about February 16, 2016. It has also been released in countries around the world, including Chile, Columbia, Mexico, Peru, Brazil, Canada, Japan, India, UK, Germany, and many other countries.

40. Blu-ray and DVD copies have been and continue to be for sale at amazon.com, Best Buy, and other retail outlets.

41. Copies of the DVD have been and continue to be available for subscription rental on HBO Go and Netflix.

42. Copies of *The 33* have been and continue to be available for purchase on

YouTube, Amazon Video, Google Play, and iTunes.

43. *The 33* has been and continues to be broadcast on cable television, including HBO, in the United States. It has also been broadcast on television in Chile.

44. *The 33* has been and continues to be publicly performed on airlines, including Latam, one of the largest airlines in the world.

45. A portion of plaintiffs' work has been and continues to be publicly performed at the official website for the movie, www.the33movie.com specifically at www.the33movie.com/story; www.the33movie.com/gallery; www.the33movie.com/humblr, and at other pages of the website.

46. All of these acts of reproduction, synchronization, public distribution, and public performance have been done by defendants without a license or permission from the plaintiffs. Defendants' acts violate plaintiffs' exclusive rights under §106 of the Copyright Act and constitute infringement of his copyright.

47. The infringing acts of defendants have damaged plaintiff in an amount yet to be determined and have unjustly enriched defendants in an amount to be determined.

WHEREFORE, Plaintiff requests that the Court grant the following relief:

    (a) That defendants and their agents, employees, and affiliated companies, be permanently enjoined from infringing plaintiffs' copyright and specifically that they be enjoined from reproducing,

8

selling, distributing, publicly performing, or making derivative works of plaintiffs' copyrighted song;

(b) That the Court order the impoundment or destruction of all copies of the infringing work in the possession or control of any of the defendants or their agents, employees, and affiliated companies;

(c) That defendants be required to pay to plaintiff such actual damages as he has sustained as a result of defendant's copyright infringement, pursuant to 17 U.S.C. §504(b);

(d) That defendants be required to account for and disgorge to plaintiff all gains, profits and advantages derived by its copyright infringement, pursuant to 17 U.S.C. §504(b);

(e) That the court order such other and further relief as it deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

        ALEJANDRO BROWNELL and JAVIER BASSINO, Plaintiffs

        By: /s/ William T. McGrath
            One of their attorneys

William T. McGrath
Amy T. Adler
DAVIS McGRATH LLC
125 South Wacker Drive
Suite 1700
Chicago, IL 60606
312-332-3033